Good morning, Your Honors. James Crawford on behalf of the appellant, Mr. Chavez. I think the first issue we should probably address is the waiver argument. I believe the distinction between whether the Court wanted to treat it as a downward departure or a downward adjustment really is not material at this point, because at page 54 of the Court of Appeal didn't tell me that I was supposed to do anything with acceptance of responsibility. The District Court did not address the issue one way or another, but the sentencing memorandum did request a reduction of the sentence below the statutory. CHIEF JUSTICE ROBERTS Council, let me ask you a couple of questions to sort this out. The first thing is we would reverse if we thought that the district judge did not recognize that he had ability to grant a downward departure. However, I look at page 68 of the excerpts of record, lines 17 through 19, and the judge says, I recognize that I am able to grant downward departures based on the Court of Appeal's opinion, but I do not think that they are appropriate in this case. Now, my reading of that is the judge recognizes that he has the discretion to grant a downward departure and decides as a matter of discretion not to. So we have no jurisdiction to review his denial of a downward departure. I'd like you to analyze each step of my reasoning there and educate me if I'm mistaken. CHIEF JUSTICE ROBERTS Your Honor, I believe when the district court That's the question. First, I think we need to determine, because there's only one decision in the United States. Let me touch on this one. You need to argue what is the specific downward departure that is before us versus the three that were before Judge Huff. Yes. So it's not clear when he talks about downward departures whether he's talking about the particular one that you're raising here, acceptance, right? Yes, Your Honor. All right. And that was the particular ground for reversal that the Ninth Circuit set it back for. Originally, when the Court reversed the Ninth Circuit the first time around in the memorandum decision, Judge Snyder, because the defendant had been facing a sentence of 140 to 175 months based upon a criminal history category of 29, a criminal history category of 5, and an offense level of 29. She said, even if I begin to depart downward from this 140 to 175-month range, it's going to have no effect because I'm still going to have to. Are you asking for a mandatory adjustment for acceptance of responsibility that's in the guidelines? Are you asking for a discretionary version of that? What are you asking for? I believe in the first instance I'm going to be asking for the statutory 3E1.1, downward depart, downward adjustment for acceptance of responsibility. That's a decrease in the offense level. It's a decrease. Well, I believe under 5G1.1, the offense level. Or what is the offense level under 5G1.1? The law is unclear as to what the Court is supposed to do. I don't think it's unclear at all. It looks to me as though it's real clear. He's entitled to the three points in calculating his guideline range. You get a guideline range. It's, I don't remember, 140 to 160 months, something like that. If the guideline range is higher than the statutory max, then the max is the guideline sentence. And the max here is lower. It's only, what was it, 96 months. So that's the guideline sentence. And he already got his three points in choosing the guideline range. How did that affect? It didn't, because the guideline range was higher than the max. But I understood you to be asking for is an additional reduction, as in the Rodriguez case, an additional reduction via a request for discretionary downward departure. Yes, Your Honor. In the first instance, under 3E1.1, the defense had asked under the statutory, under the guidelines, for the downward departure. In the alternative, we believe we also asked for a sentence less than the maximum 8 years in prison. So if the Court were to treat it that way, then it would be a downward departure instead of a downward adjustment, because of the guidelines failure to take into consideration the balancing or the weighing between the acceptance of responsibility  and coming forth timely and accepting responsibility. Well, you were requesting two times that the Court decrease the sentence. And one of them would have been, as provided in the guidelines, the three-point decrease in the offense level, which you got, right? Well, I believe that you're saying it was taken away. It was taken away, and it really was meaningless. And any defendant that's looking at a statutory maximum which is below his guideline sentence would have no motivation or basis to want to plead guilty in the first place, because the acceptance of responsibility would have no reward to it. I mean, the defendant was seeking a reward. Well, he's not entitled to a reward. I mean, all he's entitled to is an adjustment of his offense level. And sometimes that's advantageous, sometimes it isn't. Well, I don't believe that the Sentencing Commission predicted that it would not be advantageous in every case. And that's what, let me cite the Court to Rodriguez at page 643. It indicated that the Sentencing Commission contemplated that a defendant would always receive some benefit at sentencing. For exception. Kagan. Kagan. Can you tell me where in your brief, and or before the district court, you were arguing not for a mandatory reduction, but for a discretionary alternative possibility? And I don't understand your brief to be saying that at all. You say this matter was remanded to the district court for resentencing and imposing sentence. The district court not only was obligated to consider the discretionary downward departures, but was also obligated to grant appellant a three-level downward departure for acceptance of responsibility, et cetera. But I don't see anywhere where you're arguing for this alternative. How was the judge to know that that's what you were arguing for? Because in the first instance, the defense had indicated that it was the position of the defense, because the only other case out there that is dealing with this is Rodriguez. So the first instance, we were asking under 3E1.1 that the court impose a downward departure for acceptance of responsibility. And it was a downward enhancement. Yeah. I think part of the problem is the terminology, because it's very important. Because that's why I refer to discretionary downward departure as the thing the judge has the discretion and sometimes the authority to do after all of the offense level, et cetera, has been calculated. So in your case, you had, as in Rodriguez, you had a three-level decrease for acceptance of responsibility. And what I understand your argument to be is that it was not meaningful in any practical, worldly way because of the way the rest of the guidelines operated on it. And so, therefore, and probably back then when you were arguing this, the judge ought to have considered whether or not it exercises discretion to depart further from the guideline range and further decrease the actual sentence. Yes. Okay. But your language confuses this issue because what you're arguing is not that he didn't get the three-level decrease. It's just you're saying it was meaningless. It was meaningless because under. I can't make sense of the language. There's no such thing as entitled to a departure. It's discretionary. No one can have an entitlement. And I don't see why it's some kind of iron rule that there always has to be a reward for pleading guilty. And I don't see that the system will grind to a stop if there isn't. In Alaska, for years, we had a no-plea bargaining rule. We just tried the cases. That's all. A lot of people pleaded anyway so the judge wouldn't hear how bad it was. And just, I don't get it. It seems like all you're entitled to is a three-point adjustment. He got the adjustment. It still came out higher than the max. So he got the max. And if he thought, geez, there's nothing in it for me pleading early, I may as well roll the dice on trial, then roll the dice. And that's probably what he should have done, but I believe at the time. I have one minute. I have 59 seconds, actually. But I believe at the time that he entered the plea, he was entitled to something to reduce the sentence below the statutory maximum of 96 months. And I believe his timely coming forward, accepting responsibility, entitled him to just that. And entitled him. Not that it was a matter of discretion. No. Under 3E1.1, I believe he's entitled to that downward. That's how I understood your argument all along. Thank you, Your Honor. Thank you, counsel. May it please the Court. Fred Riley, Jr., Criminal Appeals Section for the Government. I'd like to quickly address a topic that Judge Warlaw and Judge Berzon both touched on, which is the defense's use of the term departure to denote both a downward adjustment and a downward departure. Because of that confusion, I think the Court must look at the substance of what the defense was asking for below. And if the Court does that, it will see that what the defense was asking for was a downward adjustment. In the defense of the defense. But it's what he's asking for now, isn't it? That's right, Your Honor. That's exactly right. And it's the same terminology and the same relief requested in the appellate briefs as in the district court. And for that reason, the district court judge had no reason to think that what this defendant was asking for was a discretionary departure. The defendant quoted 3E1.1, relied on case law applying 3E1.1. The defendant relied upon the probation office's recommendation. And while the defense characterized that recommendation as a departure recommendation, it was clearly a downward adjustment recommendation. Okay. Two things on that. And help me understand this. The first one is he'd already received the three-level downward adjustment. That's right, Your Honor. That was already there, right? That's right, Your Honor. So if I were a district court judge who'd been sentencing under the guidelines for quite a while, it's not clear that I would, since he'd already had that, whether I'd be understanding what he's saying. He's requesting a downward departure on top of the adjustment. That's exactly right. Right. So that's probably what Judge — I don't know for sure what Judge Hupp was thinking. But I have a concern about whether or not the mandate from the Ninth Circuit's memorandum decision was actually filed, because the memorandum decision specifically references that the district court has discretion to depart and then cites U.S. v. Rodriguez. That's right. And U.S. v. Rodriguez is a case that says that the district court has the discretion to depart for acceptance of responsibility. Yes, Your Honor. Okay. So isn't that a clear message to the district court that they need to consider whether or not a discretionary departure should be granted for maybe greater than usual acceptance of responsibility? Not necessarily, Your Honor, because Rodriguez had a couple of components to its analysis before it got to the question of whether a sentencing court could depart downward in a 5G1.1a sentence for acceptance of responsibility. It first addressed the question whether it had departure authority at all when it sentenced under 5G1.1a. And so I think that the mandate simply signaled to the district court that it did indeed have departure authority. It was actually a pin site in the opinion. Did you see what it was? Your Honor, I haven't – I didn't look at that. It actually matches with what you're saying. It matches with that other point. And that's exactly what Judge Hupp did below. The judge did consider, as Judge Kleinfeld pointed out, the departure theories that were advanced to the district court and ruled on them. Counsel, there's a dog that didn't bark there, and for me the silence is deafening. I was expecting the argument in the red brief that this Court has no jurisdiction, because the only question before us is whether the district judge abused his discretion in not departing downward. Since he expressly recognized his authority to grant downward departures, that is a decision that we have no appellate jurisdiction for. Yes, Your Honor, we don't – How come you didn't argue that? Am I wrong? Am I missing something? Your Honor, if the Court were to treat the downward departure theory that is on the table now, the departure for acceptance of responsibilities having been made below, then the district court clearly would have rejected it along with every other departure ground advance. But – Well, you don't understand what I'm asking you, I don't think. Well, then you wouldn't have – the Court wouldn't have jurisdiction. You would never get to the question of waiver if we have no jurisdiction. It's like – it's just like if he took an appeal from the Superior Court of the State of California to the Ninth Circuit. No jurisdiction, goodbye. We don't care what he did in the Superior Court. Well, sure, Your Honor. The district – to the extent that the district court considered all departures, this Court would not have jurisdiction. But there's a sort of an antecedent question as to whether this was even pitched to the Court. Okay. So you reject my – my – my speculation. No, Your Honor. I'm wrong on that. No. And we should not let you win on the ground that we have no jurisdiction. No, Your Honor. I'm not – I'm not – I'm actually not. I'm just saying it – it is – it is a legitimate – it would be a legitimate basis. But I do think that – that there's also a sort of a separate question. But I agree with Your Honor. But didn't Ketchhop actually specify which downward departures he was looking at, and this wasn't one of them? When he – when he referred to the downward departures, he said what they were. They were the three real departures. And he never mentioned this one. So it seemed to me a fair inference that he did not recognize that he had the authority. I think that's the nub of the problem, Your Honor. I think that – It would be appealable. If there was a problem here, it would be appealable. If the argument wasn't even presented to the district court – That's a different problem. But this is a more cost-effective. But you're saying he did – the reason he didn't – he didn't say that he had the authority, which he's required to do under our law, was because the defense counsel didn't ask for it. I think that – that, as Judge Berzon pointed out, the district court went through the analysis and considered three departure graphs, because that was what the district court's understanding was of the – He considered this one. So if we thought it wasn't waived or if we thought that – and that he had authority to do it, it would be appealable to the degree of saying he should have considered it and sent it back. I think that's right. But – but the point is that the argument wasn't pitched to the district court, and it was for that reason waived under Quesada. I mean, that's a – sort of a fundamental problem with the – with the appeal. But I think Judge Kleinfeld is right in that, to the extent that the argument was made, again, which is – which is a question, the district court rejected all discretionary departure grounds at the – at the – at the reference point that Judge Kleinfeld pointed out. If the Court has no further questions – I have a couple more questions. In your brief, did you argue the waiver? Yes, Your Honor. Because he didn't raise it adequately below? Yes, Your Honor. Okay. And I guess the other issue I wanted to raise is, now, the guidelines have been changed to specifically prohibit the double decrease for acceptance of responsibility now. Isn't that right? I mean, he – this – the law that counsel is arguing for is something that no longer is the law, even though it may have been at the time. I'm not sure, Your Honor, but under – certainly under the two – the 2,000 guidelines, as Your Honor has pointed out, it would be a double benefit for this defendant to get an acceptance of responsibility adjustment under 3E1.1, and then, subsequent to that, after the statutory maximum sentence is imposed, a departure based upon the same conduct, and it would be inconsistent, the government submits, with the guidelines to give him that double benefit. Thank you, Your Honor. Thank you, counsel. United States v. Chavez is submitted. Was there any time left? Go ahead. Your Honor, in response to Judge Wardle's question regarding the recent sentencing commission's abolishment of that double benefit for the acceptance of responsibility, I think what the Court's referring to is, previously, there had been a discretionary downward departure for superexceptance of responsibility, and that was not what we had been asking for in this particular case. That's not an issue in this case. And I believe what the guidelines did is abolish that extra benefit for superexceptance of responsibility when an accused comes forward and shows more than that which is typically understood under 3E1.1. And with regard to the AUSA's argument that Mr. Chavez was receiving a double benefit, it's still our position from the beginning that because the statutory maximum, in this case, the most he could have possibly have received was 96 months, and because if there was a departure or a downward adjustment for acceptance of responsibility and if it started from level 32 to go to level 29 to get him down from maybe 180 to 140 months, he received absolutely no benefit or no award or no reward for coming forward early on in the proceedings. But that would be true of any adjustment that went on at that level, right? So that your argument would have to be that all of them would then start over again at the lower level. Yes, Your Honor. I don't see how it could even work physically. You've got a range of, say, 140 to 160 based on the guideline calculation that takes account of the three points for acceptance of responsibility early. You've got a max of 96 months, and that becomes the guideline sentence. But at that point, you don't have anything to take three points off. You don't have the 96 months doesn't come from an offense level. The way you usually get a guideline sentence where there isn't a lower max is you've got an offense level on one axis and the criminal history level on the other axis, and they give you a range. Here, you don't have an offense level or a criminal history on a graph, and you don't get a range. You just get a number, and it's not based on a level. So I don't understand what you subtract three from. If I may, what I suggested to the district court judge on that very issue, Your Honor, is because we didn't disagree with the criminal history category of five. However, when you look at the table, the sentencing table in the back of the guideline provisions, there's a table. And if you look at the criminal history category five, the maximum penalty, if you were to put him at a criminal offense level of 22, he would be looking at a maximum punishment of 96 months. So it was my position that the Court should calculate or determine the offense level to be 22 with a criminal history category of five, and that would have, therefore, placed the Court in a position to give the three-level adjustment from 22 down to 19. The judge, either one, Schneider or Judge Hupp, could only have done that by exercising his discretion to depart further from the sentence. That's the only way he could have accomplished that. And you did argue it. I don't know if you were the lawyer before Judge Schneider. You did specifically argue it there in the sentencing, first sentencing, that when we get to the second sentencing, I don't see it so clearly. Okay. But we did ask for the reduction from the eight-month statutory maximum, and I believe that adequately has preserved the record for what we're asking for today. All right. What is his status at this point? He's at Lompoc. And how much? He's in Lompoc serving his sentence. And how much has he served, and what length of sentence? I think he's probably about four-and-a-half, five years in now, roughly. And then he has an immigration hold, so as soon as he's released, he's going to be deported. Okay. Any other questions? Thank you, counsel. Thank you, Your Honor. United States versus Chavez is submitted. Do you want to recess? I will recess for 10 minutes.  The court is going to recess for five minutes and 10 minutes. The next case on the calendar is USA versus McWilliams. Counsel can take counsel table.
judges: Kleinfeld, Wardlaw, Berzon